## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SETH D. DESCANT**<br><br>**Plaintiff,**<br><br>v.<br><br>**COUCH, CONVILLE, & BLITT, LLC, DISTRESSED ASSET PORTFOLIO III, LLC, and UNIFUND CCR, LLC**<br><br>**Defendants.** | **CIVIL NO. 2:20-cv-03029** |

## COMPLAINT

Plaintiff Seth D. Descant asserts his causes of action against defendants **COUCH, CONVILLE, & BLITT, LLC, DISTRESSED ASSET PORTFOLIO III, LLC, and UNIFUND CCR, LLC,** as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      This Action arises out of defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (FDCPA); the Louisiana Unfair Trade Practice and Consumer Protection Law, La. Rev. Stat. § 51:1401 et seq.; and/or Louisiana Civil Code articles 2315 and 1953.

2.      Plaintiff Seth D. Descant is an individual, adult, and currently a citizen of Louisiana.

3.      Defendant Couch, Conville, & Blitt, LLC (hereinafter CCB) is a Louisiana Limited Liability Company, a law firm, and upon information and belief actively doing business in Louisiana.

4.      Defendant Distressed Asset Portfolio III, LLC (hereinafter DAP) is an Ohio Limited Liability Company, and upon information and belief actively doing business in Louisiana.

5.      Defendant Unifund CCR, LLC (hereinafter Unifund) is an Ohio Limited Liability Company, and upon information and belief actively doing business in Louisiana.

1

6.      Mr. Descant is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7.      CCB, DAP, and Unifund are each "debt collectors" as defined by 15 U.S.C. § 1692a(6).

8.      At all times relevant hereto, the employees of CCB, DAP, and Unifund, their subsidiaries, affiliates and other related entities, were the agents, servants, and employees of CCB, DAP, and Unifund, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment. Whenever reference in this complaint is made to any act or transaction of CCB, DAP, and Unifund, such allegation shall be deemed to mean that the principals, officers, directors, employees, agents and/or representatives of CCB, DAP, and Unifund committed, knew of, performed, authorized, ratified and/or directed such act or transaction on behalf of CCB, DAP, and Unifund while actively engaged in the scope of their duties.

9.      The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1692k(d) (the FDCPA), and 28 U.S.C. § 1367 (the Court's supplemental jurisdiction), as more particularly set out below.

10.     Venue is proper in this District because the acts giving rise to the Plaintiff's claims occurred here (specifically, Washington Parish, Louisiana), Plaintiff permanently resides here (same), and Defendants regularly transact business here (same).

11.     The Court has personal jurisdiction over CCB because it is a company organized and headquartered in Louisiana, actively doing business in Louisiana, and is present within Louisiana at the time this suit commenced.

12.     The Court has personal jurisdiction over all of the defendants because they regularly transact business in Louisiana and regularly employ Louisiana citizens, committed tortious act(s) within Louisiana giving rise to the causes of action in this case, and derive substantial revenue from the business they conduct in Louisiana.   Thus, all of the defendants have established

minimum specific contacts with Louisiana, arising from the specific facts of this case, comporting with the requirements of fair play, substantial justice, and the Fourteenth Amendment of the Constitution of the United States.

## FACTS

13.     On or about November 25, 2019, Mr. Descant discovered that a lawsuit had been filed against him in Louisiana's 22nd Judicial District Court, Washington Parish, State of Louisiana.

14.     Mr. Descant then obtained records from the Washington Parish courthouse indicating that a lawsuit had been filed against him by defendants on or about November 4, 2019. (See Exhibit A.)

15.     Mr. Descant also obtained service records from the Washington Parish courthouse wherein process server Monica Barber of the Washington Parish Sheriff's Department attested that she had made "Domiciliary Service" upon Mr. Descant on November 7, 2019, "by leaving the same at his/her domicile in the parish in the hands of INBOX." (See Exhibit B.)

16.     Upon information and belief, the petition was left in a mailbox at 47371 Hwy 1072, Franklinton, Louisiana 70438, an address that was never at any time Mr. Descant's domicile.

17.     On or about December 9, 2019, CCB, on behalf of Unifund and/or DAP, submitted for filing a "Motion for Preliminary Default" in the Washington Parish lawsuit, which asserted that Mr. Descant had been served with the lawsuit as a basis for granting a default. (See Exhibit C.)

18.     As soon as Mr. Descant learned of the filing of the lawsuit, the improper service, and a possible default judgment, he was severely emotionally distressed, worried, and embarrassed. Mr. Descant spoke about his emotional distress to his wife.

19.     Inexplicably, on February 4, 2020, *after* Mr. Descant's attorney had made an appearance in the state court lawsuit and even issued discovery to CCB, defendants attempted to serve the

lawsuit directly on Mr. Descant a second time, at the same improper address. (See Exhibit D.) The lawsuit was not served because, according to the process server's note, it was a "business" that was not open and Mr. Descant did not live there. (See Exhibit E.)

20.     Upon information and belief, CCB, DAP, and Unifund file hundreds of lawsuits against Louisiana citizens each year, and thousands of lawsuits nationwide. Defendants knew or should have known the Louisiana laws regarding service of civil lawsuits and the requirements for obtaining a preliminary default against a defendant in a lawsuit.

21.     Upon information and belief, defendants improperly served Mr. Descant at an address that was never his domicile, and by improperly leaving the lawsuit in a mailbox. Defendants then falsely stated in their Motion for Preliminary Default that Mr. Descant had been properly served. Defendants then tried to directly serve Mr. Descant again in February 2020, at an improper address that was not his domicile, and even though they knew that Mr. Descant was represented by counsel.

22.     As a result of the defendants' unlawful acts, including but not limited to their improper service and false statement in their Motion for Preliminary Default, Plaintiff has suffered emotional distress, mental anguish, loss of his privacy, humiliation, anxiety, embarrassment, frustration, lost time and expense, and has incurred legal costs and attorney fees.

### CAUSES OF ACTION

**A.     Violations of the Fair Debt Collection Practices Act (Against All Defendants)**

23.     Plaintiff incorporates by reference all preceding paragraphs.

24.     The previously described acts and omissions of defendants CCB, DAP, and Unifund constitute numerous violations of the FDCPA including:

     A.     15 U.S.C. § 1692c(a)(2): Communicating with a consumer in connection with the collection of a debt with knowledge that the consumer is represented by an attorney.

B.    15 U.S.C. § 1692d: Engaging in any conduct the natural consequence of which is

to harass, oppress, or abuse any person.

C.    15 U.S.C. § 1692e: Any other false, deceptive or misleading representations or

means in connection with debt collection.

D.    15 U.S.C. §1692e(2): Mispresenting the character, amount, or legal status of

alleged debt.

E.    15 U.S.C. §1692(e)(5): Threatening to take any action that cannot legally be taken.

F.    15 U.S.C. §1692(e)(10): Making any false representation or deceptive means to

collect a debt.

G.    15 U.S.C. § 1692f: Any unfair or unconscionable means to collect or attempt to

collect the alleged debt.

H.    15 U.S.C. § 1692f(1): Attempting to collect any amount not authorized by the

agreement creating the debt or permitted by law.

25.    Because of CCB, DAP, and Unifund's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) from defendants CCB, DAP, and Unifund.

26.    Defendants' conduct has caused Plaintiff to suffer emotional distress, mental anguish, loss of his privacy, humiliation, anxiety, embarrassment, frustration, injury to his credit reputation, and lost time and expense.

**B.      Violations of the Louisiana Unfair Trade Practice and Consumer Protection Law (Against all Defendants)**

27.      Plaintiff incorporates by reference all preceding paragraphs.

28.      The previously described acts and omissions of all defendants constitute violations of the Louisiana Unfair Trade Practice and Consumer Protection Law (UTP) including: willfully utilizing what defendants knew to be improper service of a lawsuit on the Plaintiff in an attempt to collect on a debt, and falsely stating in a Motion for Preliminary Default that the Plaintiff had been properly served, in an attempt to obtain a Default Judgment against the Plaintiff. These acts and omissions constitute unfair or deceptive acts or practices in the conduct a trade or commerce.

29.  These acts and omissions are <u>unfair</u> because they offend established public policy, and are "unethical, oppressive, unscrupulous, or substantially injurious." (*Rogers v. Brooks*, 122 Fed. Appx. 729, 733 (5th Cir. 2004). These acts are <u>deceptive</u> because they amount to "fraud, deceit, or misrepresentation." *Mixon v. Iberia Surgical, LLC*, 956 So.2nd 76, 80 (La. App. 3d 2007).

30.      Defendants' willful violations of the UTP have caused Plaintiff to suffer emotional distress, mental anguish, loss of his privacy, humiliation, anxiety, embarrassment, frustration, injury to his credit rating or credit reputation, and lost time and expense. Plaintiff is therefore entitled to actual damages and any other damages as the Court may order, and costs and attorney fees, pursuant to La. Rev. Stat. § 51:1401 et seq.

**C.      Violations of Louisiana Civil Code Articles 2315 and 1953 (Against all Defendants)**

31.      Plaintiff incorporates by reference all preceding paragraphs.

32.      The previously described acts and omissions of all defendants constitute violations of Louisiana Civil Code articles 2315 and 1953, including: intentionally and with fraudulent intent attempting to collect on debts utilizing a method of service that defendants knew or should have

6

known was not legal; and intentionally and with fraudulent intent representing in a Motion for Preliminary Default that the service was proper in order to obtain a default judgment.

33.    Upon information and belief, defendants made their misrepresentations and omissions with the intent to deceive the courts, the Plaintiff, and other parties, and with the intent to obtain a judgment and collect money from the Plaintiff.

34.    Upon information and belief, CCB and its clients file thousands of lawsuits in Louisiana each year, and obtain default judgments in many of their lawsuits, to which defendants often fail to respond. Upon information and belief, CCB and its clients knowingly misrepresented to the courts in the lawsuit they filed against the Plaintiff that Mr. Descant was properly served with their lawsuit.

35.    Defendants' knowing misrepresentations and fraudulent violations of the Louisiana Civil Code have caused Plaintiff to suffer emotional distress, mental anguish, loss of his privacy, humiliation, anxiety, embarrassment, frustration, injury to his credit rating and credit reputation, and lost time and expense. Plaintiff is therefore entitled to actual and general damages as the Court may order, plus costs and attorney fees pursuant to Louisiana Civil Code article 1958.

## JURY DEMAND

Mr. Descant requests a trial by jury on all issues and causes of action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Seth D. Descant prays that this complaint be deemed good and sufficient; that it and summons be served upon defendants **COUCH, CONVILLE, & BLITT, LLC, DISTRESSED ASSET PORTFOLIO III, LLC, and UNIFUND CCR, LLC**; and, after due proceedings are had, that judgment be entered in favor of plaintiff and against defendants for all damages and equitable relief due to plaintiff, including compensatory damages, statutory

8

damages, litigation costs, reasonable attorney's fees, and legal interest from the date of demand,

and for all other general and equitable relief to which plaintiff is entitled.

Respectfully submitted:

/s/ Rachel T. Vogeltanz
Rachel T. Vogeltanz, TA (Bar #33501)
The Law Office of Rachel Thyre Vogeltanz, LLC
428 W. 21st Ave. / Covington, LA 70433
Telephone:  (985) 377-9271
Fax:  (985) 302-0972
Email: rachel@rachel.law

*Counsel for Seth D. Descant*